IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                           )
The Daily Caller                           )
1050 17th Street, N.W.                     )
Suite 900                                  )
Washington, DC 20036                       )
                                           )
        Plaintiff,                         )
                                           )
        v.                                 )   Civil Action No. _____
                                           )
UNITED STATES DEPARTMENT OF STATE          )
2201 C Street, NW                          )
Washington, D.C. 20520                     )
                                           )
        Defendant.                         )
_____)

# COMPLAINT

This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking access to records that will shed light on former Secretary of State Hillary Clinton's exclusive use of a personal email system to conduct official government business during her tenure as Secretary of State. These records have been requested by Plaintiff The Daily Caller and improperly withheld by Defendant United States Department of State ("State Department").

## NATURE OF THE ACTION

1.  The Federal Records Act establishes the framework for records management throughout the federal government and requires the heads all federal agencies, including the State Department, to establish a system to capture and preserve records, including those in electronic form, created in the conduct of official government business. Such records must be captured and preserved in accordance with all applicable statutes, regulations, and agency policies. *See* 44 U.S.C. chs. 21, 29, 31, 33; 36 C.F.R pts. 1220-1239.

2. Among other matters, the Federal Records Act requires all heads of agencies (such as the Secretary of State) to "make and preserve" federal records, 44 U.S.C. § 3101; to "establish and maintain an active, continuing program for the economical and efficient management of the records of the agency," *id.* § 3102; and to "establish safeguards against the removal or loss of records [that are] determine[d] to be necessary and required by regulations of the Archivist," *id.* § 3105.

3. On March 2, 2015, the *New York Times* reported that former Secretary Clinton "exclusively used a personal email account to conduct government business as secretary of state," that she "did not have a government email address during her four-year tenure at the State Department," and that "[h]er aides took no actions to have her personal emails preserved on department servers at the time, as required by the Federal Records Act." Michael S. Schmidt, *Hillary Clinton Used Personal Email Account at State Dept., Possibly Breaking Rules*, N.Y. Times (Mar. 2, 2015), *available at* http://goo.gl/wdQatR.

4. This initial *New York Times* news report prompted former Secretary Clinton to hold a press conference and issue an official written statement to respond to the story. *See, e.g., Statement from the Office of Former Secretary Clinton* (Mar. 10, 2015), *available at* http://goo.gl/wtSQ9e (admitting to using a private email system for government business, housed on a computer server located within her home and over which she maintained exclusive control); Laura Meckler & Josh Dawsey, *Hillary Clinton Says It Would Have Been 'Smarter' to Use Government Email*, Wall St. J. (Mar. 10, 2015), *available* http://goo.gl/alHbzI. The original story also ignited a flurry of news reporting on the matter. Since the story broke on March 2, 2015 and continuing to the present, journalists from numerous outlets have been reporting on the

"Hillary Clinton email scandal" on a daily basis and new developments in the story have continued to accrue.

5.   As part of its news reporting on and investigation into this matter, Plaintiff submitted a total of five FOIA requests to Defendant over the period of March 3, 2015 to August 5, 2015.  Although Defendant has acknowledged receipt of each of these FOIA requests and granted expedited processing to four of them, it has failed to make any final determination or produce any responsive records.  This lawsuit is brought to compel Defendant to issue a final determination for each of these FOIA requests and produce all responsive records without further delay.

## JURISDICTION AND VENUE

6.   Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(E)(iii).

7.   Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

8.   Plaintiff The Daily Caller is a 24-hour online news publication providing its audience with original reporting, in-depth investigations, thought-provoking commentary, and breaking news.  Since its founding in 2010, The Daily Caller readership has grown to more than 16.5 million unique visitors per month and draws more than 59 million monthly page views.  It has written extensively – and it continues to write to the present – on the developments in the Clinton email scandal.  In the past seven months, it has published more than 300 articles on this story.

9.   Defendant State Department is an agency within the meaning of 5 U.S.C. § 552(f)(1) and has possession, custody, and control of records to which Plaintiff seeks access and which are the subject of this Complaint.

3

**STATEMENT OF FACTS**

A.   **FOIA Request F-2015-04623 (March 3, 2015)**

10.   On March 3, 2015, Plaintiff filed a FOIA request through Defendant's online FOIA portal, which Defendant immediately acknowledged, seeking access to FOIA processing notes for six FOIA requests previously submitted by Plaintiff. The time period for the request was from January 1, 2010 to the present. Ex. 1.

11.   This FOIA request reasonably describes the records sought, as each of the previous FOIA requests were identified by the Case Control Number assigned by Defendant, and was made in accordance with published rules and procedures, as required by 5 U.S.C. § 552(a)(3)(A).

12.   As this FOIA request concerned a breaking news story of general public interest and its subject was time sensitive, Plaintiff requested expedited processing in accordance with FOIA and State Department regulations. *See* Ex. 1; 5 U.S.C. § 552(a)(6)(E).

13.   Plaintiff also requested a public interest fee waiver and to be classified as a representative of the news media. Ex. 1.

14.   Defendant responded to this FOIA request by letter dated April 3, 2015, which assigned the request Case Control Number F-2015-04623 and granted Plaintiff's requests for a public interest fee waiver and expedited processing. Ex. 2. Defendant, however, did not provide a time limit for the processing of the request, stating only that "[w]e will notify you as soon as responsive material has been retrieved and reviewed." *Id.*

15.   By email dated September 9, 2015, Plaintiff requested a status update on FOIA request F-2015-04623, as well as the other FOIA requests that are the subject of this Complaint. Ex. 3.

16. Defendant responded by an email dated September 10, 2015, stating only that "a copy of your e-mail has been forwarded to the office(s) that are processing your various request [sic]. Our office has requested status. Information will be provided to you as soon as it becomes available." *Id.*

17. To date, Defendant has not otherwise responded to FOIA request F-2015-04623 and has failed to issue a final determination or produce any responsive records.

    **B.**    **FOIA Request F-2015-04646 (March 5, 2015)**

18. On March 5, 2015, Plaintiff filed a FOIA request through Defendant's online FOIA portal, which Defendant immediately acknowledged, seeking access to all communications "sent to or from Chief of Staff David E. Wade, Deputy Chief of Staff Jonathan Finer, and Deputy Legal Adviser Mary McLeod referring in any way to former Secretary of State Hillary R. Clinton." The time period for this request was from March 1, 2014 to the present. Ex. 4.

19. This FOIA request reasonably describes the records sought and was made in accordance with published rules and procedures, as required by 5 U.S.C. § 552(a)(3)(A).

20. As this FOIA request concerned a breaking news story of general public interest and its subject was time sensitive, Plaintiff requested expedited processing in accordance with FOIA and State Department regulations. *See* Ex. 4; 5 U.S.C. § 552(a)(6)(E).

21. Plaintiff also requested a public interest fee waiver and to be classified as a representative of the news media. Ex. 4.

22. Defendant responded to this FOIA request by letter dated April 8, 2015, which assigned the request Case Control Number F-2015-04646 and granted Plaintiff's requests for a public interest fee waiver and expedited processing. Ex. 5. Defendant, however, did not provide

a time limit for the processing of the request, stating only that "[w]e will notify you as soon as responsive material has been retrieved and reviewed." *Id.*

23. By email dated September 9, 2015, Plaintiff requested a status update on FOIA request F-2015-04646, as well as the other FOIA requests that are the subject of this Complaint. Ex. 3.

24. Defendant responded by an email dated September 10, 2015, stating only that "a copy of your e-mail has been forwarded to the office(s) that are processing your various request [sic]. Our office has requested status. Information will be provided to you as soon as it becomes available." *Id.*

25. To date, Defendant has not otherwise responded to FOIA request F-2015-04646 and has failed to issue a final determination or produce any responsive records.

C.   **FOIA Request F-2015-04997 (March 11, 2015)**

26. On March 11, 2015, Plaintiff filed a FOIA request through Defendant's online FOIA portal, which Defendant immediately acknowledged, seeking access to any "Separation Statements, otherwise known as OF-109 forms," signed by various former State Department employees, including former Secretary of State Clinton. The time period for this request was from January 21, 2009 to September 1, 2013. Ex. 6.

27. This FOIA request reasonably describes the records sought and was made in accordance with published rules and procedures, as required by 5 U.S.C. § 552(a)(3)(A).

28. As this FOIA request concerned a breaking news story of general public interest and its subject was time sensitive, Plaintiff requested expedited processing in accordance with FOIA and State Department regulations. *See* Ex. 6; 5 U.S.C. § 552(a)(6)(E).

29.     Plaintiff also requested a public interest fee waiver and to be classified as a representative of the news media.  Ex. 6.

30.     Defendant responded to this FOIA request by letter dated March 31, 2015, which assigned the request Case Control Number F-2015-04997 and granted Plaintiff's requests for a public interest fee waiver and expedited processing.  Ex. 7.  Defendant, however, did not provide a time limit for the processing of the request, stating only that "[w]e will notify you as soon as responsive material has been retrieved and reviewed." *Id.*

31.     By email dated September 9, 2015, Plaintiff requested a status update on FOIA request F-2015-04997, as well as the other FOIA requests that are the subject of this Complaint.  Ex. 3.

32.     Defendant responded by an email dated September 10, 2015, stating only that "a copy of your e-mail has been forwarded to the office(s) that are processing your various request [sic].  Our office has requested status.  Information will be provided to you as soon as it becomes available." *Id.*

33.     To date, Defendant has not otherwise responded to FOIA request F-2015-04997 and has failed to issue a final determination or produce any responsive records.

**D.      FOIA Request F-2015-11536 (June 27, 2015)**

34.     On June 27, 2015, Plaintiff filed a FOIA request through Defendant's online FOIA portal, which Defendant immediately acknowledged, seeking access to certain records of Undersecretary of State Patrick F. Kennedy relating to former Secretary Clinton's use of a private email account and server.  The time period for this request was from November 1, 2008 to the present.  Ex. 8.

7

35. This FOIA request reasonably describes the records sought and was made in accordance with published rules and procedures, as required by 5 U.S.C. § 552(a)(3)(A).

36. As this FOIA request concerned a breaking news story of general public interest and its subject was time sensitive, Plaintiff requested expedited processing in accordance with FOIA and State Department regulations. *See* Ex. 8; 5 U.S.C. § 552(a)(6)(E).

37. Plaintiff also requested a public interest fee waiver and to be classified as a representative of the news media. Ex. 8.

38. Defendant responded to this FOIA request by letter dated June 30, 2015, which assigned the request Case Control Number F-2015-11536 and granted Plaintiff's requests for a public interest fee waiver and expedited processing. Ex. 9. Defendant, however, did not provide a time limit for the processing of the request, stating only that "[w]e will notify you as soon as responsive material has been retrieved and reviewed." *Id.*

39. By email dated September 9, 2015, Plaintiff requested a status update on FOIA request F-2015-11536, as well as the other FOIA requests that are the subject of this Complaint. Ex. 3.

40. Defendant responded by an email dated September 10, 2015, stating only that "a copy of your e-mail has been forwarded to the office(s) that are processing your various request [sic]. Our office has requested status. Information will be provided to you as soon as it becomes available." *Id.*

41. To date, Defendant has not otherwise responded to FOIA request F-2015-11536 and has failed to issue a final determination or produce any responsive records.

### E.  FOIA Request F-2015-12685 (Aug. 5, 2015)

42. On August 5, 2015, Plaintiff filed a FOIA request through Defendant's online FOIA portal seeking access to certain records relating to former State Department employee Bryan M. Pagliano and his work of maintaining former Secretary Clinton's private server. The time period for this request was from January 21, 2009 to the present. Ex. 10.

43. This FOIA request reasonably describes the records sought and was made in accordance with published rules and procedures, as required by 5 U.S.C. § 552(a)(3)(A).

44. As this FOIA request concerned a breaking news story of general public interest and its subject was time sensitive, Plaintiff requested expedited processing in accordance with FOIA and State Department regulations. *See* Ex. 10; 5 U.S.C. § 552(a)(6)(E).

45. Plaintiff also requested a public interest fee waiver and to be classified as a representative of the news media. Ex. 10.

46. The State Department did not immediately respond to this request as it had with Plaintiff's other FOIA requests and, to date, has not made a determination on Plaintiff's requests for a fee waiver or expedited processing.

47. By email dated September 9, 2015, Plaintiff requested a status update on this FOIA request, as well as the other FOIA requests that are the subject of this Complaint. Ex. 3.

48. Defendant responded by an email dated September 10, 2015, in which it stated that "[y]our recent request regarding Bryan Pagliano was received in the Office of Information Programs and Services (IPS) and assigned case number F-2015-12685. That request has been forwarded to a team for further processing. You will be provided with the status of the request as soon as information is provided." *Id.*

9

49. To date, Defendant has not otherwise responded to FOIA request F-2015-12685 and has failed to issue a final determination or produce any responsive records.

## COUNT 1
## Violation of FOIA: Failure to Comply with Statutory Deadlines

50. Plaintiff repeats paragraphs 1 through 49.

51. FOIA requires agencies to respond to requests within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days. 5 U.S.C. §§ 552(a)(6)(A)-(B). If an agency requires additional time, FOIA mandates that the agency provide requesters "an opportunity to arrange with the agency an alternative time frame for processing the request[.]" *Id.* § 552(a)(6)(B)(ii).

52. FOIA also requires each agency to promulgate regulations providing for expedited processing of FOIA requests and to make a determination on requests for expedited processing within ten (10) calendar days. 5 U.S.C. § 552(a)(6)(E)(i)-(ii).

53. State Department regulations provide that "[r]equests and appeals shall be taken out of order and given expedited treatment whenever a requester has demonstrated that a 'compelling need' for the information exists." 22 C.F.R. § 171.12(b).

54. An agency such as the State Department presumptively fails to meet its expedited processing obligations when it fails to make a final determination within the standard twenty-day deadline for the processing of a FOIA request. *See Elec. Frontier Found. v. Office of the Dir. of Nat'l Intelligence*, 542 F. Supp. 2d 1181, 1186 (N.D. Cal. 2008); *Elec. Privacy Info. Ctr. v. Dep't of Justice*, 416 F. Supp. 2d 30, 37-39 (D.D.C. 2006).

55. Defendant granted Plaintiff's requests for expedited processing and public interest fee waivers on FOIA requests F-2015 -04623 (Mar. 3, 2015), F-2015- 04646 (Mar. 5, 2015), F-2015 -04997 (Mar. 11, 2015), and 2015-FOIA-11536 (June 29, 2015), but improperly failed to

issue a final determination or produce any responsive document on any of these requests within the applicable FOIA time limits.

56. Defendant improperly failed to take any action, other than assigning a Case Control Number, on FOIA request F-2015-12685 (Aug. 5, 2015). More specifically, it improperly failed to make a determination on Plaintiff's request for expedited processing within the required ten calendar days and has not yet granted Plaintiff's request for a public interest fee waiver, even though Plaintiff is entitled to an affirmative response to both of these requests, and it improperly failed to issue a final determination or produce any responsive document on this request within the applicable FOIA time limits.

57. Defendant also failed to comply with FOIA in that it never "arrange[d] . . . an alternative time frame" for responding to the above requests. Its acknowledgement letters and response to Plaintiff's request for a status update contain neither an estimated date of completion nor an invitation to contact the agency for the purposes of negotiating an "alternative" response date for any of the requests. As a result, Plaintiff does not believe it has the ability to arrange for an alternative time frame for Defendant's final determination for any of the requests.

58. Plaintiff has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C).

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests and prays that this Court grant preliminary and permanent injunctive relief and:

a. order Defendant to grant expedited processing and a public interest fee waiver for Plaintiff's FOIA request F-2015-12685;

b. order Defendant to process all of Plaintiff's FOIA requests expeditiously and make a final determination and produce, within twenty (20) business days of the date of the Order, all records responsive to each request;

c. order Defendant to issue a *Vaughn* index accompanying the records produced explaining any redaction and withholding;

d. award Plaintiff its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

e. such other relief as this Court may deem just and proper.

Date: October 21, 2015                                     Respectfully submitted,

*/s/ Patrick J. Massari*
Patrick J. Massari
D.C. Bar No. 418886
patrick.massari@causeofaction.org

CAUSE OF ACTION INSTITUTE
1919 Pennsylvania Ave., NW
Suite 650
Washington, D.C. 20006
(202) 499-4232 (telephone)
(202) 330-5842 (fax)

*Counsel for Plaintiff*